GALVESTON, HARRISBURG & SAN ANTONIO RAILROAD COMPANY v.
S. H. SPINKS.

Delivered May 28, 1896.

**Damages—Injury by Trees to Adjoining Land.**
  Proof showing merely that a natural growth of tall trees upon the right of way of the defendant company adjacent to the cultivated lands of plaintiff shaded and injured his crops and sapped his land of fertility will not authorize a judgment against the defendant for such damages.

APPEAL from the County Court of Colorado.

*Brown, Lane & Jackson,* for appellant.—For injuries resulting from natural causes a person is never liable however extensive or disastrous they may be, nor with however little labor and expense he could remove the cause and prevent the injury. All such damage is "damnum absque injuria." 1 Addison on Torts (Wood's Ed.), sec. 218, notes, pp. 235, 236; Woodruff v. Fisher, 17 Barb. (N. Y.), 224; Mohr v. Gault, 10 Wis., 313; Cooley on Torts, ch. 19, pp. 565, 567; 16 Am. and Eng. Ency. Law, 943; 26 Id., 559, 560; Giles v. Walker, L. R., 24 Q. B. D., 656; Grandona v. Lovdal, 70 Cal., 161; Countryman v. Lighthill, 25 Hun. (N. Y.), 205; Crowhurst v. Ammersham, Burial Board, 4 Exch., Div. 5.

*Foard, Thompson & Townsend*, for appellee.—1. A nuisance of the sort which is redressed at the private suit of the party is anything done on one's property or elsewhere or put in circulation or omitted to be done contrary to legal duty, wherefrom, through the separate action of nature or the common course of events an injury follows to or directly menaces another. Bishop on Non Contract Law, sec. 411. It therefore follows that while one has exclusive dominion over his own property, yet, every enjoyment thereof which violates the rights of another, in any essential degree, is an actionable nuisance, and a railway corporation in the enjoyment of its property or in the exercise of its rights and privileges is not exempt from this rule. Wood on Nuisances, secs. 1, 3, 4, 10, 13, 106, 107, 116; Mohr v. Gault, 10 Wis., 513; Wilson v. City of New Bedford, 11 Am. Rep., 352; Bishop on Non Contract Law, secs. 14, 39, 41, 104, 109, 411, 819; Buckinham v. Elliott, 62 Miss., 296; Pierce on Railroads, 159, 218, 262 (note 4), and 496; Constitution 1876, ch. 1, sec. 17; Railway v. Eddins, 60 Texas, 656; Railway v. Jennings, 76 Texas, 376; Railway v. Hall, 78 Texas, 169; Railway v. Fuller, 63 Texas, 467; Railway v. Pope, 62 Texas, 313; Rosenthall v. Railway, 79 Texas, 325; 2 Willson's C. C., sec. 489; 3 Willson's C. C., sec. 297; Grandona v. Lovdal, 21 Pac. Rep., 366; 70 Cal., 161; 78 Cal., 661.

WILLIAMS, ASSOCIATE JUSTICE.—This case is submitted upon the facts found by the court below, upon an assignment which questions the correctness of the conclusion of law based upon them. In brief, those facts are, that appellant owns in fee a strip of land upon which its railroad is laid, and on each side of which lie cultivated lands owned by appellee. Upon the land owned by appellant there stands a natural growth of tall trees which shade and injure the crops upon appellee's adjacent land, and also sap such land of its fertility. For this injury to crops and land the judgment appealed from was rendered. No act of defendant is shown beyond the construction and maintenance of its road and its omission to cut down its trees, it having removed only such portion of them as was necessary to permit the repair of its road and the operation of its trains. We know of no principle of law which authorizes the judgment. The land and the trees are the property of appellant, and it has the same right to them that appellee has to his land and crops. The exercise of one right is not an invasion of the other. If the presence of the trees impairs the productiveness of appellee's land, or if the cultivation of the latter should injure the trees, these results would constitute no wrong by one owner to the other, but would only be the incidents of their ownership. No breach of any duty owed by appellant to appellee is shown. It is not stated that the roots or branches of the trees penetrate or overhang appellee's land. If they did, appellee had the right to remove such roots or branches as entered or overhung his land, or if damage was caused by them, it may be true that he could maintain an action for such damage. Wood on Nuisances, 112, 113, 306.

But no such case is made here either in the statement of the cause of action or in the facts found by the court. It is not shown that appellee has not kept its right of way in proper condition for the safe and proper operation of its trains, but the contrary is inferrible from the findings. Had it failed to do so, this might be a breach of the duty which it owed to those interested in the manner in which it conducted its road, but not of one due to appellee to protect his land and crops from such damage as that of which he complains. It is urged that as there is no statement of facts, we should presume that enough was shown to sustain the judgment. But the conclusions of the trial judge show affirmatively the facts upon which the judgment is rendered, and the conclusion of law based upon those facts was excepted to by appellant in the court below and is erroneous. It is not a case where there is an omission to find some fact, but one in which a ruling erroneous in law is grounded upon facts found.

Reversed and rendered.                    *Reversed and rendered.*